OPINION
{¶ 1} Appellant, Catherine Wright, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, granting Franklin County Children Services ("FCCS") permanent custody of appellant's child, Travon Wright. For the following reasons, we affirm that judgment.
 {¶ 2} Appellant gave birth to Travon on March 3, 2000.[1] Shortly thereafter, Travon was placed under voluntary protective supervision due to concerns FCCS had about appellant's parenting abilities. FCCS had previously been granted permanent custody of another of appellant's children. Travon was returned to appellant's custody in May 2001. However, after Travon was found alone in the house, FCCS filed a complaint on July 26, 2002, which alleged that Travon was a neglected and dependent child and requested custody of Travon. R.C. 2151.27. The complaint alleged that appellant was arrested on felony charges on April 26, 2002, and had an extensive criminal history as well as drug, alcohol, and mental health issues. On September 25, 2002, the trial court adjudicated Travon a neglected and dependent child and awarded FCCS temporary custody of Travon.
 {¶ 3} On September 3, 2003, FCCS requested permanent custody of Travon pursuant to R.C. 2151.413. After a hearing, the trial court found by clear and convincing evidence that Travon could not be placed with either parent within a reasonable time and should not be placed with either parent in the foreseeable future. The trial court also found by clear and convincing evidence that it was in Travon's best interest to award permanent custody to FCCS. Accordingly, the trial court terminated appellant's parental rights, privileges, and obligations and awarded FCCS permanent custody of Travon.
 {¶ 4} Appellant appeals, assigning the following errors:
First Assignment of Error: The child, Travon Wright, was not represented by counsel.
Second Assignment of Error: The trial court erred in denying the Appellee's motion for an in-camera-interview between Travon and the Judge to determine Travon's level of maturity and wishes.
Third Assignment of Error: There was no evidence entered into the record at trial and no finding of fact as to what Travon's wishes were.
 {¶ 5} At the outset, we note that "[i]t is well recognized that the right to raise a child is an `essential' and `basic' civil right." In re Hayes (1997), 79 Ohio St.3d 46, 48, quotingIn re Murray (1990), 52 Ohio St.3d 155, 157. Because an award of permanent custody is the most drastic disposition available under the law, it is an alternative of last resort and is only justified when it is necessary for the welfare of the child. Inre Swisher, Franklin App. No. 02AP-1408, 2003-Ohio-5446, at ¶ 26, citing In re Cunningham (1979), 59 Ohio St.2d 100, 105.
 {¶ 6} For ease of analysis, we will first address appellant's third assignment of error. A public services agency or private child placing agency may file a motion for permanent custody subsequent to a prior order of temporary custody of the child to the agency. R.C. 2151.413. R.C. 2151.414(B)(1) permits a trial court to grant permanent custody of a child to such agency if the court determines, by clear and convincing evidence, that the child's best interest would be served by the award of permanent custody and that one of the following conditions applies:
(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
(b) The child is abandoned.
(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
(d) The child has been placed in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 7} In the present case, the trial court found that Travon could not be placed with either of his parents within a reasonable time and should not be placed with his parents in the foreseeable future. R.C. 2151.414(B)(1)(a). Appellant does not contest that finding. Rather, appellant's third assignment of error concerns the trial court's determination that an award of permanent custody would be in Travon's best interest.
 {¶ 8} R.C. 2151.414(D) requires the trial court to consider specific factors in determining whether the child's best interests would be served by an award of permanent custody. The factors include: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents, and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency. The failure to consider each of these factors in reaching a determination concerning the child's best interest is prejudicial error. In re Ridenour, Lake App. No. 2003-L-146, 2004-Ohio-1958, at ¶ 36.
 {¶ 9} Appellant contends the trial court erred when it did not consider Travon's wishes in determining that a grant of permanent custody was in Travon's best interest. We disagree. Travon had just turned four at the time of the hearing. Travon's caseworker stated at the hearing that she felt Travon was not old enough to comprehend the situation and did not even comprehend who his birth mother was. The guardian ad litem ("GAL") also opined at the hearing that Travon was very young and unable to express his wishes regarding the outcome of these proceedings. The trial court agreed and did not allow Travon to testify. Given this evidence, the trial court did not err in granting permanent custody to FCCS without determining Travon's wishes.
 {¶ 10} We recognize that in In re Swisher, supra, at ¶ 37-41, this court reversed a trial court's best interest determination where there was no reliable evidence concerning the children's wishes. However, Swisher is distinguishable on its facts. In Swisher, the five children involved were almost seven, almost six, four and one-half, three and one-half, and just over two-years old. The children did not testify, were not interviewed in chambers by the trial court, and did not have their wishes expressed by the GAL. The trial court specifically noted that the two-year old was too young to express her own wishes. The trial court granted FCCS permanent custody of the children. In considering the children's wishes, the trial court accepted the testimony of the children's caseworker regarding their wishes and found their wishes to be conflicting. On appeal, we determined that because the caseworker's testimony regarding the children's wishes could not be considered, there was no reliable evidence concerning the children's wishes. Swisher,
supra, at ¶ 40. Therefore, we reversed the trial court's award of permanent custody.
 {¶ 11} Implicit in this court's decision in Swisher was the determination that at least some of the Swisher children were capable of expressing their wishes regarding placement. Because the four older children were considered together, the failure to ascertain the wishes of those children old enough to express their wishes was reversible error. The case at bar is different because here there was sufficient evidence presented that Travon was incapable of expressing his wishes regarding placement.
 {¶ 12} When it is affirmatively demonstrated that a child is not capable or competent to communicate his or her wishes, a trial court is not required to assess the wishes of that child in determining whether permanent custody is in the child's best interest. Given Travon's age and the undisputed evidence before the trial court that he was incapable of communicating his wishes, the trial court did not err in failing to ascertain Travon's wishes. Cf. In re Gau (May 18, 2001), Montgomery App. No. 18630; but see In re Salsgiver, Geauga App. No. 2003-G-2517, 2003-Ohio-6412, at ¶ 25-27 (finding that trial court did not err when it stated that the child was too young to express wishes when it also included the GAL's opinion in favor of permanent custody). Appellant's third assignment of error is overruled.
 {¶ 13} In her first assignment of error, appellant contends the trial court erred by not appointing independent legal counsel to represent Travon. We first note that it does not appear as if appellant has standing to raise this issue on appeal. See In reJohnson, Franklin App. No. 03AP-1264, 2004-Ohio-3886, at ¶ 12-13.
 {¶ 14} However, even assuming that appellant has standing to assert her first assignment of error, appellant waived this issue. Cf. In re Graham, Athens App. No. 01CA57, 2002-Ohio-4411, at ¶ 28-34. Appellant did not request the appointment of independent legal counsel for Travon and never objected to the failure of the trial court to appoint Travon independent legal counsel. Appellant has raised this argument for the first time on appeal. "`Ordinarily, errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal.'" Johnson, supra, quotingStores Realty Co. v. City of Cleveland Bd. of Bldg. Standardsand Bldg. Appeals (1975), 41 Ohio St.2d 41, 43.
 {¶ 15} In limited circumstances, an appellate court may review an issue otherwise waived using the plain error doctrine. Id. at ¶ 14. Applying that doctrine, "reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, 121.
 {¶ 16} Under the circumstances of this case, this is not such an extremely rare case which mandates the application of the plain error doctrine. Travon had just turned four at the time of the hearing and both the GAL and his caseworker explained that he was not capable of expressing his wishes. Therefore, appointment of counsel for Travon would have accomplished very little in this case and is not a manifest miscarriage of justice.
 {¶ 17} Accordingly, appellant's first assignment of error is overruled.
 {¶ 18} Appellant contends in her second assignment of error that the trial court erred by failing to conduct an in-camera interview with Travon to determine his level of maturity and wishes. Again, we disagree. The decision to not conduct an in-camera interview will be reversed only upon a showing that the trial court abused its discretion. In re Funk, Portage App. No. 2002-P-0035, 2002-Ohio-4958, at ¶ 30. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 19} Travon had just turned four at the time of the permanent custody hearing. Before the hearing, both the GAL and the caseworker opined that Travon was too young to express his wishes concerning his placement. His caseworker explained that Travon did not even call appellant mom. He called her "Kat" and called his foster mother "Mom." Appellant's counsel did not argue that Travon was old enough and competent to express his wishes. Based upon Travon's young age and the undisputed statements from the GAL and the caseworker about his inability to communicate his wishes, the trial court did not abuse its discretion by declining to interview Travon in chambers. Appellant's second assignment of error is overruled.
 {¶ 20} In conclusion, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
Bowman and Petree, JJ., concur.
[1] Appellant never married Travon's father and does not know where he currently resides. Travon's father did not respond to FCCS' motion for permanent custody.