DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made: BOYLE, Judge.
 {¶ 1} Appellants, Tim and Laurie Tucker, appeal from the decision of the Summit County Court of Common Pleas, Juvenile Division, denying their motion to intervene in a custody proceeding involving three of their minor grandchildren, I.S., A.S., and T.S. We affirm.
 I. {¶ 2} Sarah W. ("Mother") and Norman S. ("Father") are the parents of three children, I.S., born December 2, 2002; A.S., born November 17, 2003; and T.S., born October 10, 2004. Mother and Father were married, but, before the birth of their third child, Father initiated divorce proceedings. Laurie Tucker is the maternal grandmother of the children, and her current husband is Tim Tucker (collectively "Tuckers").
 {¶ 3} On July 21, 2004, after Mother had taken the children and gone to stay with Tuckers, the Summit County Children Services Board ("CSB") filed a complaint in juvenile court alleging that the two older children, I.S and A.S., were abused, neglected, dependent, and endangered. As a result of the initial court proceedings, Father was ordered to have no contact with either Mother or the children, and Mother was ordered to refrain from facilitating contact between Father and the children. Subsequently, both parents violated the no-contact order, and CSB obtained emergency temporary custody of the children. The agency placed the children with Tuckers.
 {¶ 4} On August 27, 2004, I.S. and A.S. were adjudicated abused and dependent, and temporary custody was granted to CSB. CSB continued its placement of the children with Tuckers. Mother was permitted, by court order, to live with Tuckers until ten days after the birth of her third child. The third child, T.S., was born on October 10, 2004, and she also came into CSB care upon allegations of dependency.
 {¶ 5} On June 13, 2005, CSB moved to modify the dispositional orders so as to grant legal custody of the children to Tuckers. Mother filed a similar motion requesting that legal custody be granted to Tuckers, or, alternatively, to herself. Court of Appeals of Ohio, Ninth Judicial District On July 20, 2005, Tuckers, themselves, moved to intervene and to obtain legal custody of the children. In addition, the paternal grandparents sought custody. Several days of hearings were had on the pending motions for legal custody, as well as other routine matters. Before the trial court issued its decision on the question of custody, the trial court denied Tuckers' motion to intervene. Tuckers now appeal from the order denying their motion to intervene and assign one error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT'S DECISION DENYING MATERNAL GRANDPARENTS' MOTION TO INTERVENE BY FINDING THEY HAD NOT BEEN IN LOCO PARENTIS AND THEY COULD NOT INTERVENE AS A MATTER OF RIGHT PURSUANT TO CIVIL RULE 24 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION."
 {¶ 6} On appeal, Tuckers claim that the trial court erred when it found that Tuckers never stood in loco parentis to the children and could not, therefore, intervene in the legal custody proceeding below. In their supporting argument, Tuckers assert that they provided considerable parental care for the children both before and after CSB intervention. Specifically, they maintain that Mother and the children frequently resided in their home prior to CSB involvement due to a recurring history of domestic violence by Father, and that CSB placed the children Court of Appeals of Ohio, Ninth Judicial District with them after the agency obtained temporary custody. For the following reasons, we find Tuckers' assignment of error to be without merit.
 {¶ 7} Initially, it is useful to review the procedural history of Tuckers' efforts to intervene in this custody action. On June 13, 2005, after CSB had obtained temporary custody and the children were placed with Tuckers, the agency moved the court for an order granting legal custody to Tuckers. On July 20, 2005, Tuckers also moved to intervene and to obtain legal custody of all three children. Tuckers claimed that they "have been in loco parentis to the children, assumed parental duties for the benefit of the children and exercised parental control of the children for a period of months."
 {¶ 8} On August 10, 2005, following a hearing conducted as a sunset hearing for the two older children and a review hearing for T.S., the magistrate denied Tuckers' motion to intervene. In her journal entry, the magistrate explained that she did so because Tuckers' attorney had stated that "the primary purpose of the motion is for [Tuckers] to argue their motion for custody." In a later order, the magistrate explicitly noted that she had permitted Tuckers to participate in the custody hearing by allowing them to present evidence, question witnesses, and make objections, notwithstanding their lack of party status.
 {¶ 9} On August 18, 2005, Tuckers filed a motion to set aside the magistrate's denial of their motion to intervene, asserting that the magistrate failed to consider that Tuckers had been in loco parentis since before the case was filed. Court of Appeals of Ohio, Ninth Judicial District In ruling on Tuckers' motion to set aside, the trial judge remanded the matter to the magistrate for a determination of whether Tuckers had been in loco parentis and for a determination of the motion to intervene based on the standard set forth in In reSchmidt (1986), 25 Ohio St.3d 331.
 {¶ 10} On February 17, 2006, the magistrate complied with the order of the trial judge. First, she concluded that Tuckers had been in loco parentis as to the children. She based her conclusion on findings that the children had been placed in Tuckers' home after their removal from their parents' custody and that Tuckers provided for their basic needs and daily care. However, the magistrate also found that CSB had retained custody of the children during this period, had access to the children's medical and educational records, and had the ability to subpoena any records not already in their possession. In addition, the magistrate found that Tuckers had "assisted in the care of the children from time to time prior to their removal" from the parents' custody and that Mother resided in Tuckers' home along with the children on those occasions.
 {¶ 11} Second, the magistrate found that In re Schmidt, supra, was inapposite because it relied on R.C. 3109.28 and that statute was repealed, effective April 2005. The magistrate, therefore, relied on Civ.R. 24(A)(2) and, pursuant to the factors set forth in that provision, found that Tuckers' interests were adequately represented by the existing parties. The magistrate concluded that Tuckers' intervention would not add anything as far as protecting the children's best interests. Accordingly, the magistrate denied Tuckers' motion to intervene.
 {¶ 12} Tuckers then moved to set aside this order as well. Tuckers continued to maintain that they had been in loco parentis, and also claimed that the magistrate erred in finding their interests were adequately represented by existing parties and failed to recognize that the denial of their motion to intervene impeded their ability to protect their interests.
 {¶ 13} On April 13, 2006, the trial judge ruled upon this motion to set aside. In so doing, the trial judge held that the magistrate erred in concluding that Tuckers had been in loco parentis. The trial judge expressed her reliance upon the facts as set forth in the Magistrate's Order. In specific, the trial judge stated that the magistrate based her ultimate finding of in loco parentis status on the actions taken by Tuckers while the children were placed with them, but were actually within the temporary custody of CSB. She also stated that there is no indication that Tuckers were ever in a position where they were required to make medical, dental, or other parental decisions on behalf of the children because those decisions rested with either CSB or the parents.
 {¶ 14} Tuckers' present appeal to this Court is taken from this judgment. In their appeal, Tuckers contend that the trial court erred in denying their motion to intervene because the weight of the evidence supports a finding of in loco parentis. In particular, Tuckers assert that they had exercised parental control and assumed Court of Appeals of Ohio, Ninth Judicial District parental duties in regard to the children. Tuckers also complain that they were unable to introduce certain evidence and that the magistrate halted some of their cross-examination.[1]
 {¶ 15} By their nature, Tuckers' arguments challenge the proceedings which took place before the magistrate and the findings of fact made by the magistrate. Juv.R. 40(D)(3)(b)(iii)[2] and Civ.R. 53(D)(3)(b)(iii)[3] require that any objection to a magistrate's findings of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. See, also, Sum.Juv.R. Loc.R. 3.03(B). Sum.Juv.R. Loc.R. 3.02(B) similarly requires that motions to set aside a magistrate's order shall be accompanied by a transcript of the proceedings or an affidavit of evidence.
 {¶ 16} Neither of Tuckers' two motions to set aside the entries of the magistrate was accompanied by a transcript of the evidence relevant to their claims, nor did Tuckers explain why a transcript was not available so that an affidavit of that evidence could be presented. Tuckers' reliance on two personal affidavits which were attached to their "Motion to Intervene and Motion for Legal Custody" and their "Response to Brief on Party Status" is misplaced as it fails to satisfy the requirements of the Ohio Rules of Civil Procedure and the Juvenile Rules for the support of challenges to the factual findings of a magistrate.
 {¶ 17} An appellate court's role in reviewing a trial court's decision under such circumstances is to determine whether the trial court abused its discretion in applying the law to the facts as found by the magistrate. State ex. rel. Duncan Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730.
 {¶ 18} Looking to the facts as found by the magistrate in the present case, this Court cannot conclude that the trial court abused its discretion in ruling as she did. Tuckers do not claim that they ever had legal or temporary custody of the children; rather, they base their right to intervene on the claim that they stood in loco parentis to these children. This Court has previously indicated that a status of in loco parentis exists when a person undertakes the care and control of another in the "absence of such supervision" by the child's natural parents. See In re Burmeister (Apr. 14, 1999), 9th Dist. No. 19157, at *4. The findings of the magistrate fail to establish that Tuckers' care and control of the children before CSB's intervention existed in the "absence of such supervision" by Mother. Rather, the magistrate specifically found that, during that time, Tuckers merely "assisted" in the care of the children from time to time and that Mother was also present in the home with the children. In addition, after the intervention of the agency, the magistrate failed to find that Tuckers were charged "with a parent's rights, duties, and responsibilities."Burmeister, supra. Instead, the magistrate found that CSB retained temporary custody of the children, including access to medical and educational records. The trial judge, therefore, concluded that there is no indication that Tuckers were ever in a position where they were required to make medical, dental, or other parental decisions on behalf of the children.
 {¶ 19} Upon the record before us, this Court cannot conclude that the trial judge abused her discretion in denying Tuckers' motion to intervene. Tuckers' sole assignment of error is overruled.
 III. {¶ 20} Tuckers' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
WHITMORE, P. J. MOORE, J. CONCUR
[1] Tuckers also complain that the magistrate held no hearing on the motion to intervene. It appears that Tuckers actually meant to argue that the magistrate conducted no separate hearing solely on the motion to intervene. This is so because Tuckers have admitted that several hearings did take place before the magistrate and that evidence relevant to the question of custody and the issue of intervention was, in fact, presented during those hearings. Tuckers make no substantive argument that the lack of a separate hearing conducted solely on the motion to intervene is of legal significance, and we find none. The procedural rules cited herein do not require that relevant evidence must come from a particularly-named hearing.
[2] Former Juv.R. 40(E)(3)(c) was of similar effect.
[3] Former Civ.R. 53(E)(3)(c) was of similar effect