[Cite as *In re D.E.*, 2014-Ohio-5333.]

STATE OF OHIO            )              IN THE COURT OF APPEALS
                         )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

IN RE: D.E.                              C.A. No.     27368
       M.E.


                                         APPEAL FROM JUDGMENT
                                         ENTERED IN THE
                                         COURT OF COMMON PLEAS
                                         COUNTY OF SUMMIT, OHIO
                                         CASE Nos.    DN 13-11-0764
                                                      DN 13-11-0765

DECISION AND JOURNAL ENTRY

Dated: December 3, 2014

---

WHITMORE, Judge.

{¶1}    Appellant, Nicole Estep ("Mother"), appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division, denying her motion to intervene. This Court affirms.

I

{¶2}    Mother is the biological mother of D.E. and M.E. (collectively, "the Children"). In 2009, Mother lost legal custody of the Children to her mother, the Children's grandmother ("Grandmother"). Subsequently, Grandmother adopted the Children, terminating Mother's parental rights.

{¶3}    In 2013, Grandmother was hospitalized and Summit County Children's Services ("SCCS") filed complaints for dependency. Hours after the complaints were filed, Grandmother passed away. The court granted emergency custody of D.E. to SCCS and emergency custody of M.E. to his maternal great aunt. Mother moved to intervene, and the court denied her motion.

Mother objected to the magistrate's decision, but did not file transcripts of the various hearings with the trial court. The court overruled Mother's objections. Mother now appeals and raises three assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN DENYING APPELLANT STANDING AS A PARTY TO THE CASE[.]

{¶4} In her first assignment of error, Mother argues that the court erred in finding that she did not have standing to intervene in the current custody case. Specifically, Mother argues that she has standing because, although her parental rights were terminated when Grandmother adopted the Children, she, by law, became the Children's sibling by virtue of the adoption statute.

{¶5} "Generally, absent an error of law, 'the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion.'" *Dietrich v. Dietrich*, 9th Dist. Summit No. 26919, 2014-Ohio-4782, ¶ 10, quoting *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. An abuse of discretion indicates that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). In reviewing the trial court's adoption of a magistrate's decision, "we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. A ruling on a motion to intervene is reviewed under an abuse of discretion standard. *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, ¶ 41.

{¶6} "Civ.R. 24 governs intervention in civil and juvenile court cases, and provides for two types of intervention: as of right and permissive." *In re B.O.*, 11th Dist. Lake No. 2011-L-055, 2011-Ohio-6210, ¶ 39. *See also In re M.N.*, 9th Dist. Wayne No. 07CA0088, 2008-Ohio-3049, ¶ 5. Mother has failed to clearly articulate which type of intervention she believes she is entitled. However, because Mother contends she "has standing and must be allowed to participate as a party" we will construe her argument as one of an intervention as of right.

{¶7} A party seeking to intervene must adhere to the requirements of part (C) of the rule. *In re M.N.* at ¶ 14. Civ.R. 24(C) requires a person filing a motion to intervene to attach "a pleading, as defined by Civ.R. 7(A), setting forth the claim or defense for which intervention is sought." Mother failed to comply with Civ.R. 24(C). Notwithstanding this procedural problem, the court, for the reasons stated below, did not abuse its discretion in denying her motion to intervene.

{¶8} Under Civ.R. 24(A) a person shall be permitted to timely intervene in an action: "(1) when a statute * * * confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest * * *." "A mere claim of right, however, will not suffice." *In re M.N.* at ¶ 12. A party seeking intervention as of right in a custody action must have a legal interest in the care and custody of the child. *Id. Accord In re D.T.*, 10th Dist. Franklin No. 07AP-853, 2008-Ohio-2287, ¶ 9 ("Civ.R. 24(A)(2) allows intervention as of right for parties possessing a legal interest or right in the care and custody of the child.").

{¶9} Mother appears to argue that she has a legal interest in the care and custody of the Children because she became a sibling to the Children when Grandmother adopted them.

Mother concedes that her parental rights were terminated when Grandmother adopted the Children. However, Mother argues that a new familial relationship was created between her and the Children upon Grandmother's adoption. According to Mother, because she is Grandmother's daughter and the Children are now the son and daughter of Grandmother through adoption, she is now a sibling to the Children.

{¶10} R.C. 3107.15 details the effect of a final decree of adoption. The decree "shall have the following effects as to all matters within the jurisdiction or before a court of this state * * *:

(1) * * * relieve the biological * * * parents of the adopted person of all parental rights and responsibilities, and [ ] terminate all legal relationships between the adopted person and the adopted person's relatives * * * so that the adopted person thereafter is a stranger to the adopted person's former relatives for all purposes including inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after the adoption is decreed, which do not expressly include the person by name or by some designation not based on a parent and child or blood relationship;

(2) To create the relationship of parent and child between petitioner and the adopted person, as if the adopted person were a legitimate blood descendant of the petitioner, for all purposes * * *[.]

R.C. 3107.15(A).

{¶11} In essence, Mother argues that while R.C. 3107.15(A)(1) terminated her parental rights, R.C. 3107.15(A)(2) created a sibling relationship. Assuming without deciding that Mother has a sibling relationship with the Children, this does not create a legal right within Civ.R. 24(A), requiring the court to allow her to intervene as of right.

{¶12} Juv.R. 2(Y) defines necessary parties to a custody action. *See In re H.W.*, 114 Ohio St.3d 65, 2007-Ohio-2879, ¶ 10. According to the rule, necessary parties are "a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the

child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court." Juv.R. 2(Y). The rule does not include a sibling. Mother has not cited any law that stands for the proposition that a sibling has a legal right to the care and custody of his or her siblings. *See In re Schmidt*, 25 Ohio St.3d 331, 336 (1986) (grandparents "never obtained, through statute, court order, or other means, any *legal right* to custody or visitation of their grandson." (Emphasis sic.)). Nor has this Court discovered any such law in its research.

{¶13} To the extent that Mother argues she should have been permitted to intervene because she stood in loco parentis, we cannot, based on the record before us, conclude that the court abused its discretion. "[A] status of in loco parentis exists when a person undertakes the care and control of another in the 'absence of such supervision' by the child's natural parents." *In re I.S.*, 9th Dist. Summit No. 23215, 2007-Ohio-47, ¶ 18, quoting *In re Burmeister*, 9th Dist. Summit No. 19157, 1999 WL 241219, *4 (Apr. 14, 1999).

{¶14} The record reveals that Mother objected to the magistrate's decision but failed to provide the trial court with the requisite transcripts. *See* Juv.R. 40(D)(3)(b)(iii). While Mother has filed transcripts in this appeal, this Court cannot consider transcripts of magistrate hearings that were not before the trial court when it considered the objections to the magistrate's decision. *Saipin v. Coy*, 9th Dist. Summit No. 21800, 2004-Ohio-2670, ¶ 8, quoting *Remington Prods. Co. v. First Energy Servs. Corp.*, 9th Dist. Medina No. 03CA0005-M, 2003-Ohio-4523, ¶ 2.

{¶15} The only evidence in the record of Mother's interaction with the Children is printouts of photographs from Mother's Facebook page. These photographs do not establish that Mother undertook the care and control of the Children in the absence of Grandmother. *See In re I.S.* at ¶ 18. Mother's parental rights had previously been terminated. Since the filing of the dependency complaints, M.E. has been cared for by his maternal great aunt and D.E. has been in

the custody of SCCS. There is insufficient evidence to conclude that Mother was acting in loco parentis at any time.

{¶16} Because Mother did not establish a legal right to the care and custody of the Children, the court did not abuse its discretion in denying her motion to intervene as of right. Mother's first assignment of error is overruled.

### Assignment of Error Number Two

THE TRIAL COURT DID NOT HAVE SUBJECT MATTER JURISDICTION TO HEAR THE COMPLAINT FILED BY SUMMIT COUNTY CHILDREN SERVICES BOARD IN VIOLATION OF R.C. §2151.04[.]

### Assignment of Error Number Three

THE TRIAL COURT ERRED BY NOT ADDRESSING THE COURT APPOINTED SPECIAL ADVOCATE'S CONFLICT OF INTEREST[.]

{¶17} In her second assignment of error, Mother argues that the juvenile court did not have jurisdiction to hear the case because: (1) Grandmother was never served with the complaint; (2) there was no evidence of dependency at the time the complaint was filed; and (3) the probate court has exclusive jurisdiction. In her third assignment of error, Mother argues that the court erred when it failed to appoint counsel for D.E.

{¶18} Because we have concluded that the court did not err in denying Mother's motion to intervene, Mother is not a party to the case and does not have standing to challenge these alleged errors on appeal. *See In re D.S.*, 9th Dist. Summit No. 24554, 2009-Ohio-4658, ¶ 6-13 (a party denied intervention may challenge on appeal the court's denial of his or her motion to intervene, but lacks standing to otherwise challenge the judgment).

{¶19} Mother's second and third assignments of error are overruled.

III

**{¶20}** Mother's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.