DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} M.N. was born in prison and immediately removed from her mother's custody. As paternity had not yet been established, she was placed with maternal relatives. When M.N. was nine-months-old, M.N.'s maternal grandparents first moved to intervene. They also moved for visitation and custody. The trial court denied their motion to intervene and "dismissed" the other motions. The grandparents have appealed. This Court concludes that, to the extent the grandparents' motion was based on Rule 24(A) of the Ohio Rules of Civil Procedure, the trial Court did not err as a matter of law by denying it and, to the extent it was based on Rule 24(B), the trial court did not abuse its discretion by denying it.
 FACTS {¶ 2} On September 4, 2006, Kim N. gave birth while incarcerated. Kim was just beginning a ten-year prison sentence. Two days later, the trial court granted Wayne County *Page 2 
Children Services emergency temporary custody of Kim's daughter, M.N. At that time, paternity was not established. M.N. was placed in foster care while the agency investigated relatives for placement. According to the Children Services case worker, Kim's parents, Dorothy and Leonard N., had been excluded for placement because Leonard had felony drug convictions that were less than ten years old.
 {¶ 3} M.N. was adjudicated a dependent child. When she was two months old, the agency placed her in the home of her mother's cousin, Frank R., and his wife, Kari. In November 2006, Kelvin P. was established as M.N.'s father, and the court ordered supervised visitation and implemented a case plan with the goal of reunification. In late May 2007, Kelvin went to prison and visitation ceased. In early June, Kim's parents, Dorothy and Leonard N., moved to intervene in the case and requested visitation. The court did not immediately act on the motions. Dorothy and Leonard subsequently moved for custody of M.N., and Wayne County Children Services moved for a six-month extension.
 {¶ 4} The trial court held a hearing on Dorothy and Leonard's motion to intervene. After hearing the evidence, the trial court denied their motion and subsequently "dismissed" their pending motions for visitation and custody. Dorothy and Leonard have appealed. They have argued that the trial court incorrectly denied their motion to intervene and incorrectly "dismissed" their motions for visitation and custody without holding a hearing. The trial court did not err as a matter of law or abuse its discretion by denying Dorothy and Leonard's motion to intervene. This Court has not considered Dorothy and Leonard's second assignment of error because they have failed to provide a relevant argument or a citation to any authority in support of their proposition. See App. R. 12(A)(2), 16(A). *Page 3 
 MOTION TO INTERVENE {¶ 5} Dorothy and Leonard have argued that the trial court incorrectly denied their motion to intervene. They failed to tell the trial court and have failed to tell this Court whether they believe they are entitled to intervention as of right under subpart (A) of Rule 24 of the Ohio Rules of Civil Procedure or seek permissive intervention under subpart (B) of Rule 24. To the extent they claim to be entitled to intervention as of right, this Court's standard of review is de novo.Korenko v. Kelleys Island Park Dev. Co., 6th Dist. No. E-06-029, 2007-Ohio-2145, at ¶ 17 (citing Univ. Hosp. of Cleveland, Inc. v.Lynch, 96 Ohio St.3d 118, 2002-Ohio-3748, ¶ 44-47) ("Since intervention as of right under Civ. R. 24(A) is a question of law, an appellate court reviews a trial court's ruling on the motion under a de novo standard of review."); Bennett v. Butler, 6th Dist. No. L-99-1151, 2000 WL 864246, at *5-6 (June 30, 2000); In the Matter of Soley, 6th Dist. No. WD-94-41,1995 WL 84691, at *2 (Mar. 3, 1995). To the extent they seek permissive intervention, this Court's standard of review is abuse of discretion. See In re Adoption of T.B.S., 4th Dist. No. 07CA3139, 2007-Ohio-3559, at ¶ 10.
 {¶ 6} The concurring opinion has suggested that the abuse of discretion standard applies to this Court's review, not only of motions for permissive intervention under Rule 24(B), but also to its review of motions to intervene as of right under Rule 24(A). In support, the concurrence pointed out that, according to the Eighth District's opinion in In re Schmidt, 8th Dist. Nos. 48122, 48123, 48124 48144,1985 WL 7427 (Jan. 10, 1985), the grandparents in that case sought intervention under Rule 24(A) and, in reviewing the Eighth District's decision, the Ohio Supreme Court applied an abuse of discretion standard. While it is true that, according to the Eighth District, the grandparents sought intervention under Rule 24(A), the Supreme Court appears to have considered both whether the grandparents were entitled to intervene as of right *Page 4 
or whether the trial court should have allowed them permissive intervention. See In re Schmidt, 25 Ohio St. 3d 331 (1986).
 {¶ 7} In reviewing the trial court's denial of the grandparents' motion to intervene, the Supreme Court first, in a paragraph, specifically dealt with Rule 24(A): "Likewise, the Smiths had nolegal interest in the care and custody of their grandson, which would have allowed them to intervene as of right pursuant to Civ. R. 24(A)."Schmidt, 25 Ohio St. 3d at 336. It concluded that paragraph with the following sentence: "Just as the Smiths' desire for custody or visitation cannot be construed as a legal right to custody or visitation, the Smiths' concern for their grandson's welfare cannot be construed as a legal interest that falls within the scope of Civ. R. 24(A)." Id. Significantly, in discussing intervention as of right under Rule 24(A), the Supreme Court did not indicate that the trial court had discretion to determine whether to permit the grandparents to intervene regardless of whether they had a legal right to custody or visitation.
 {¶ 8} Having disposed of whether the grandparents had a right to intervene under Rule 24(A), the Supreme Court did not end its analysis. Rather, it moved on to a new issue: "The final issue properly before the court is whether the juvenile court abused its discretion in failing to grant the Smiths' motion to intervene." Schmidt, 25 Ohio St. 3d at 336. Admittedly, in analyzing what it termed the final issue, the Supreme Court did not cite Rule 24(B). Having already disposed of intervention as of right under Rule 24(A), however, it must have been considering permissive intervention under Rule 24(B). The Supreme Court's application of the abuse of discretion standard was in considering whether the trial court should have granted the grandparents permissive intervention: "We concur in the Smiths' assertion that both R.C. Chapter 2151 and the Juvenile Rules are to be liberally construed so as to protect the interests of *Page 5 
all concerned parties. We do not believe, however, that the juvenile court abused its discretion in denying the Smiths' motion to intervene."Id.
 {¶ 9} If Dorothy and Leonard had a right to intervene in this case, the trial court would not have had discretion to deprive them of that right. Accordingly, to the extent their motion to intervene was based on Rule 24(A), this Court's standard of review is de novo. On the other hand, to the extent they sought permissive intervention under Rule 24(B), the trial court had discretion to grant or deny their motion, and this Court's review is limited to determining whether the trial court abused its discretion.
 {¶ 10} Dorothy and Leonard do not meet the definition of a "party" to a juvenile proceeding under Rule 2(Y) of the Ohio Rules of Juvenile Procedure. Further, grandparents have no constitutional right of association with their grandchildren, In re Whitaker,36 Ohio St. 3d 213, 215 (1988) (citing In re Schmidt, 25 Ohio St. 3d 331, 336 (1986)), and under Ohio law, "grandparents do not have any legal right to have contact with their grandchildren until a court grants them such a right." Id.
 {¶ 11} In this case, M.N.'s grandparents have cited In re Schmidt for the proposition that a "third party" may intervene in a custody case if he has "some `colorable' interest" in the subject of the suit. This is a broad reading of the Ohio Supreme Court's analysis of then Section 3109.28 of the Ohio Revised Code. That section had provided that a person who claimed to have custody or visitation rights with the child had to be joined as a party in custody proceedings. Schmidt,25 Ohio St. 3d at 336. In Schmidt, however, the Court explained that any such claim had to be "colorable," that is, more than a mere desire for custody or visitation with the child. Id. Although Section 3109.28 has since been repealed, the analysis is applicable to intervention as of right under Rule 24(A). *Page 6 
 {¶ 12} Rule 24(A) provides for intervention as of right for any timely applicant who meets the requirements of the rule. Under Rule 24(A)(2), an applicant "shall be permitted to intervene in an action" if he "claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." A mere claim of right, however, will not suffice. Grandparents do not have a right to intervene without evidence that they have a legal interest in the care and custody of their grandchild. See Schmidt, 25 Ohio St. 3d at 336;In re CM., 9th Dist. No. 21720, 2004-Ohio-1984, at ¶ 21-22. It is well established that a grandparent's concern for the welfare of his grandchild or desire for custody or visitation "cannot be construed as a legal interest that falls within the scope of Civ. R. 24(A)."Schmidt, 25 Ohio St. 3d at 336.
 {¶ 13} In Schmidt, grandparents moved to intervene in a permanent custody case involving their grandson. The Ohio Supreme Court, in affirming the denial of their motion, pointed out that the grandparents "had no legal interest in the care and custody of their grandson" that would have allowed them to intervene under Rule 24(A) of the Rules of Civil Procedure. Schmidt, 25 Ohio St. 3d at 336 (emphasis in original). The Court relied on the fact that the grandparents had "never obtained, through statute, court order, or other means, any legal right to custody or visitation with their grandson." Id. (emphasis in original). The majority also pointed out that the grandparents had never stood in loco parentis to the child, nor had they ever exercised significant parental control over him or assumed any parental duties for his benefit.Id. at 337. In recent years, this Court has indicated that if any of these circumstances are present, *Page 7 
grandparents may properly intervene in custody proceedings under Rule 24(A) of the Rules of Civil Procedure. See In re CM., 9th Dist. No. 21720, 2004-Ohio-1984, at ¶ 21-22.
 {¶ 14} Under Subsection (B)(2) of Rule 24, a trial court has discretion to allow "[p]ermissive intervention . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Regardless of whether an applicant argues for intervention as of right or permissive intervention, he must adhere to the requirements of part (C) of the rule. Under that subsection, any motion for intervention "shall be accompanied by a pleading, as defined in Civ. R. 7(A), setting forth the claim or defense for which intervention is sought." Civ. R. 24(C). Dorothy and Leonard did not include a qualifying pleading with their motion as is required by Rule 24(C). Even if they had met this requirement, however, the trial court did not err or abuse its discretion by denying their motion to intervene.
 {¶ 15} The testimony revealed that Wayne County Children Services, Dorothy, and Leonard knew, before M.N. was born, that she could not be placed in Dorothy and Leonard's home because of Leonard's criminal history. Dorothy testified that, after the agency told her that her home was excluded for purposes of placement, she did not ask the agency or the court for visitation or custody because she felt that she would be "wasting [her] time." The result was that, at the time of the hearing on the motion to intervene, M.N.'s grandparents had never seen their nine-month-old granddaughter. M.N. had been in the care of Frank and Kari continuously since she was two months old. Prior to moving to intervene, M.N.'s grandparents had "never obtained, through statute, court order, or other means, any legal right to custody or visitation with their granddaughter]." In re Schmidt, 25 Ohio St. 3d at 336. They conceded that, prior to *Page 8 
moving to intervene, they had never acted in loco parentis to M.N., or assumed parental duties or significant parental control over her. The grandparents have argued, however, that it is not their fault that they have no relationship with their granddaughter.
 {¶ 16} They have argued that, because M.N. was removed from her mother's care at birth and placed with other relatives, they were never afforded an opportunity to assume parental duties or even to visit with her and establish a bond. Dorothy testified that someone at the agency told her she could not see the baby and that she should not contact Frank and Kari directly. Dorothy testified that she waited to approach the court because she had hoped that M.N.'s father would obtain custody. She further testified that she called the agency on a few occasions regarding Christmas and Easter gifts for M.N., but was never given the opportunity to visit her.
 {¶ 17} In the first nine months of M.N.'s life, her grandparents never obtained a legal right to custody or visitation with her through court order or other means. The agency caseworker testified that she had contact with M.N.'s grandparents several times, but they never asked about visitation. Although Dorothy and Leonard had been in touch with M.N.'s father earlier in the case, they never went with him to any visits or requested permission to do so. There was no evidence that Dorothy or Leonard had assumed any aspect of parental duties for M.N.'s benefit. Thus, they have no legal right or interest in the care and custody of their granddaughter that would provide a basis for intervention as of right under Rule 24(A). See Schmidt,25 Ohio St. 3d at 336; In re CM., 2004-Ohio-1984, at ¶ 21-22. For the same reasons, especially the grandparents' delay in seeking court intervention, the trial court did not abuse its discretion by denying Dorothy and Leonard permissive intervention under Rule 24(B). See Schmidt,25 Ohio St. 3d at 336-337. *Page 9 
 {¶ 18} The trial court did not err or abuse its discretion by denying the motion to intervene. See In re CM., 2004-Ohio-1984, at ¶ 22. Dorothy and Leonard's first assignment of error is overruled.
 MOTIONS FOR VISITATION AND CUSTODY {¶ 19} After the trial court denied Dorothy and Leonard's motion to intervene, it "dismissed" their motions for legal custody and visitation. The court's judgment entry attributed the "dismissal" to the fact that Dorothy and Leonard had not been made parties to the case. Dorothy and Leonard have argued that the trial court incorrectly "dismissed" their motions without a hearing.
 {¶ 20} Ohio law provides various methods for grandparents to obtain a legal right of access to their grandchildren outside of the juvenile custody situation. See e.g., R.C. 3109.11 (regarding visitation rights of grandparents when a parent is deceased); R.C. 3109.12 (regarding visitation rights of grandparents when child's mother is unmarried). In a juvenile custody case, under certain circumstances, non-parties may move the court for visitation or legal custody. See e.g., R.C. 2151.353(A)(3); In the Matter of C.C, 2d Dist. No. 21707,2007-Ohio-3696. Dorothy and Leonard, however, have failed to cite any authority or make any substantive argument for the proposition that, as non-parties, they had a right to be heard on their motions for custody and visitation in this case. Therefore, this Court will not consider their second assignment of error. See App. R. 12(A)(2), 16(A).
 CONCLUSION {¶ 21} The trial court did not err or abuse its discretion by denying M.N.'s grandparents' motion to intervene. The judgment of the Wayne County Court of Common Pleas, Juvenile *Page 10 
Division, denying Dorothy and Leonard's motion to intervene and "dismissing" their other motions is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
CLAIR E. DICKINSON FOR THE COURT
MOORE, P. J. CONCURS