[Cite as *In re K.L.*, 2015-Ohio-4598.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE:

K.L. AND A.S.

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 2015 AP 040016


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Tuscarawas County Court of Common Pleas, Juvenile Division, Case No. 2015 JN 018 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 3, 2015 |
| APPEARANCES: | |

For Appellee - TCJFS

JEFF M. KIGGANS
Tuscarawas County Job/Family Services
389 16th Street, SW
New Philadelphia, Ohio 44663

For Mother

JOHN GARTRELL
Tuscarawas County Public Defender's Off.
153 North Broadway
New Philadelphia, Ohio 44663

For Father

DOUGLAS JACKSON
P.O. Box 188
Uhrichsville, Ohio 44683

For Appellant - Maternal Grandmother

PAUL HERVEY
Fitzpatrick, Zimmerman & Rose Co., L.P.A.
P.O. Box 1014,
New Philadelphia, Ohio 44663

For Paternal Grandmother

SCOTT MASTIN
108 East High Avenue, Suite 3
New Philadelphia, Ohio 44663

Guardian ad Litem

KAREN DUMMERMUTH
349 East High Avenue
P.O. Box 494
New Philadelphia, Ohio 44663

*Hoffman, P.J.*

{¶1}   Appellant Teresa Swartzentruber ("Grandmother") appeals the March 19, 2015 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, Juvenile Division, which denied her motion to intervene in the abuse/neglect/dependency action involving her minor grandchildren. Grandmother also appeals the April 16, 2015 Judgment Entry entered by that same court which denied her motion for custody of her grandchildren. Appellee is Tuscarawas County Job and Family Services ("TCJFS").

STATEMENT OF THE FACTS AND CASE

{¶2}   Abigail Swartzentruber ("Mother") and Kyle Litman ("Father") are the biological parents of K.L. (dob 4/27/10), A.L. (dob 11/2/12), and A.S. (dob 5/19/14). The parties have never been married.  Grandmother is the maternal grandmother of the minor children.

{¶3}   In June, 2014, after receiving reports concerning unexplained injuries sustained by A.L., TCJFS began an investigation of the family.  TCJFS closed the case in September, 2014.  On November 25, 2014, A.L died of cardiac arrest under what was deemed to be suspicious circumstances.  At the time of his death, A.L. and his siblings were living with Mother and her boyfriend, Adam Such.  Medical providers contacted TCJFS.  TCJFS removed the other two children from Mother's home.  The results of the autopsy revealed evidence of blunt force trauma, including multiple scalp bruises at the top of A.L.'s head.  A.L. had over 20 bruises of varying ages over his body.

{¶4}   Grandmother filed a motion to intervene and a motion for custody.  The trial court denied the motion to intervene via Judgment Entry filed March 19, 2015.  A

hearing on the motion for custody was conducted on March 25, 2015, in conjunction with the dispositional hearing.

{¶5} At the hearing, Gabrielle Weingarth, the TCJFS ongoing case manager assigned to the family, testified Grandmother acknowledged K.L. told her Adam Such had thrown him and slammed him into a wall.  Appellant informed Weingarth she did not know whether to believe K.L. as she believed Father could have put the thought into the boy's head.  While Mother was pregnant with A.S., Mother told Grandmother Adam Such was verbally abusive and controlling.  Weingarth added Grandmother enables Mother and makes excuses for her behavior.  Weingarth expressed concerns regarding how Grandmother raised Mother and how that would affect her ability to parent her grandchildren.

{¶6} The testimony also revealed Grandmother's live-in boyfriend, Donald Sullivan, had a history of domestic violence and other criminal convictions directly involving alcohol.  Sullivan continued to consume alcohol on a daily basis. Grandmother admitted Sullivan was an alcoholic, but did not see a problem with his daily alcohol consumption. Grandmother's ex-husband, Mother's father, was also an alcoholic. Grandmother has a history of depression and anxiety.  She has been prescribed numerous medications for pain, depression, anxiety, and sleep.

{¶7} Via Judgment Entry filed April 16, 2015, the trial court denied Grandmother's motion for custody.  The trial court found Grandmother was aware the children were living in an abusive environment yet did nothing to protect them.  The trial court further found Mother's "mental health pathology [was] clearly reflective of the life

she lived growing up with" Grandmother.  The trial court concluded Grandmother was not an appropriate custodian for the children.

{¶8}   It is from this judgment entry Grandmother appeals, raising the following assignments of error:

{¶9}   "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO ALLOW THE MATERNAL GRANDMOTHER TO INTERVENE.

{¶10}  "THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO PLACE THE CHILDREN WITH THE MATERNAL GRANDMOTHER OR TO ALLOW VISITATION WITH HER."

I

{¶11}  In her first assignment of error, Grandmother contends the trial court erred and abused its discretion in failing to allow her to intervene.

{¶12}  Civ.R. 24 governs intervention and states the following:

**(A) Intervention of right**

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**(B) Permissive intervention**

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

**{¶13}** To the extent Grandmother's motion to intervene was based on subsection (A), this Court's standard of review is de novo. *In re Young,* Stark App. No.2008CA00134, 2008-Ohio-5435 at para. 13. To the extent the motion sought permissive intervention under subsection (B), our standard of review is abuse its discretion. *Id.* In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶14}** The leading case on grandparent intervention is *In re Schmidt* (1986), 25 Ohio St.3d 331, 496 N.E.2d 952. In *Schmidt,* the Supreme Court of Ohio reviewed the issue of whether grandparents should be permitted to intervene as of right under Civ.R. 24(A). The *Schmidt* Court held the grandparents had no right to intervene because they "never obtained, through statute, court order, or other means, any *legal right* to custody

or visitation with their grandson." *Id.* at 336. (Emphasis *sic.*) The *Schmidt* Court determined the grandparents did not have any legal interest in the care and custody of their grandson, finding their "desire for custody or visitation cannot be construed as a legal right to custody or visitation," as their "concern for their grandson's welfare cannot be construed as a legal interest that falls within the scope of Civ.R. 24(A)." *Id.*

{¶15} The *Schmidt* Court concluded the trial court did not abuse its discretion in denying the grandparents' motion to intervene, explaining:

> As discussed above, the Smiths had no legal right to custody or visitation with their grandson, and they held no legally protectable interest that was related to Robert, Jr.'s care and custody. Additionally, the emphasis placed on family unity by R.C. Chapter 2151 is limited almost exclusively to the nuclear family; and, unless a child is orphaned or abandoned, or an adult from the child's extended family in some manner has filled the role of parent, R.C. Chapter 2151 does not require that extended family members be made parties to custody proceedings. The record does not indicate that the Smiths ever stood *in loco parentis* to Robert, Jr. or that they ever exercised significant parental control over, or assumed any parental duties for the benefit of, their grandson. *Id.* at 337.

{¶16} Grandmother contends because Mother and K.L. lived with her while Mother was still a minor, she stood in loco parentis to her grandchildren. Grandmother adds she was a party to the child support action for the benefit of K.L.  The record is devoid of any evidence which establishes Grandmother had any legal right or interest in the care and custody of her grandchildren. Further, there is no record evidence to

support Grandmother's claim she stood in loco parentis to her grandchildren or that she ever "exercised significant parental control over, or assumed any parental duties for the benefit" of them.

{¶17} Based upon the foregoing, we find the trial court did not err or abuse its discretion in denying Grandmother's motion to intervene.

{¶18} Grandmother's first assignment of error is overruled.

II

{¶19} In her second assignment of error, Grandmother asserts the trial court abused its discretion in failing to place the children with her or grant her visitation.

{¶20} A trial court's determination on legal custody should not be overruled absent a showing of an abuse of discretion. *Stull v. Richland Cty. Children Services,* 5th Dist. Nos. 11 CA47, 11CA48, 2012–Ohio–738.An abuse of discretion is when the trial court's judgment is unreasonable, arbitrary or unconscionable. *Blakemore,*supra*.* In this type of dispositional hearing, the focus must be the best interest of the child. *In re C.R.,* 108 Ohio St.3d 369, 2006–Ohio–1191, 843 N.E.2d 1188;*In re Nawrocki,* 5th Dist. No.2004–CA–0028, 2004–Ohio–4208.

{¶21} When a grandparent seeks legal custody, the inquiry focuses on what is in the best interest of the child. *In re A.C.,*12th Dist. Butler No. CA2006-12-105, 2007–Ohio–3350. "While 'blood relationship' and 'family unity' are factors to consider when determining a child's best interest, neither one is controlling." *In re S.K.G.,* 12th Dist. Clermont No. CA2008–11–105, 2009–Ohio–4673, ¶ 12.

{¶22} The testimony at the dispositional hearing revealed the children are doing well in foster care. The testimony confirmed Grandmother would not be an appropriate

custodian for her grandchildren.  Grandmother lives with a man who has a long history of violence involving alcohol and yet he continues to consume alcohol on a daily basis. Grandmother does not see this habit as problematic. Further, Grandmother enabled Mother and made excuses for her.  Grandmother, herself, was unsuccessful as parent. More importantly, Grandmother refused to believe K.L. when he stated Mother's boyfriend had thrown him and slammed him into a wall.

**{¶23}** Based upon the entire record in this matter, we find the trial court did not abuse its discretion in denying Grandmother's motion for custody.

**{¶24}** Grandmother also maintains the trial court abused its discretion in denying her visitation with her grandchildren.

**{¶25}** Grandparents generally have no legal rights of access to their grandchildren. *Wood v. Palumba,* 5th Dist. Tuscarawas No. 05AP100071, 2006–Ohio–3030, ¶ 24; *In re Fusik,* 4th Dist. Athens No. 02CA16, 2002–Ohio–4410, citing *In re Whitaker,* 36 Ohio St.3d 213, 214, 522 N.E.2d 563 (1988); *In re Martin,* 68 Ohio St.3d 250, 626 N.E.2d 82 (1994). The Ohio Supreme Court has held grandparents have no constitutional right of association with their grandchildren. *Wood, supra;* See *In re Schmidt,* supra at 336.

**{¶26}** Given the trauma these children experienced, we find the trial court did not abuse its discretion in denying visitation with any of their relatives, including Grandmother.

**{¶27}** Grandmother's second assignment of error is overruled.

{¶28} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Wise, J. concur