[Cite as *In re Estate of Williams*, 2015-Ohio-4781.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY


In re Estate of Stephanie L. Williams        Court of Appeals No. S-14-018

Trial Court No. 20071067


**DECISION AND JUDGMENT**

Decided:  November 20, 2015

* * * * *

Scott A. Rumizen, for appellants.

Roger W. Hafford, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from a judgment of the Sandusky County Court of

Common Pleas, Probate Division, which distributed the assets of appellee, the Estate of

Stephanie L. Williams, and awarded legal fees stemming from a civil action in

Mississippi.  Appellants, Nicholas Matassini and the Matassini Law Firm, P.A., challenge that judgment through the following assignments of error:

Assignment of Error #1

The probate court abused its discretion when it denied Nicholas Matassini and the Matassini Law Firm, P.A.'s motion to intervene as a matter of right pursuant to Civil Rule 24(A)(2).

Assignment of Error #2

The probate court abused its discretion when it distributed wrongful death settlement funds without conducting a hearing and providing notice to all parties pursuant to Rules 70 and 71 of the Rules of Superintendance for the Courts of Ohio.

Assignment of Error #3

The probate court abused its discretion when it distributed wrongful death settlement funds without accounting for the reimbursement of the reasonable litigation expenses incurred by the attorneys who represented the Estate of Stephanie Williams in the underlying wrongful death litigation.

Assignment of Error #4

The probate court abused its discretion in its distribution of wrongful death settlement funds to Nicholas Matassini and the Matassini Law Firm, P.A. as attorneys [sic] fees when, as stated in his motion to intervene, Mr.

2.

Matassini was not requesting the payment of an attorneys [sic] fee, but rather the reimbursement of the reasonable litigation expenses incurred by the attorneys representing the Estate of Stephanie Williams in the underlying wrongful death litigation.

Assignment of Error #5

The probate court abused its discretion when it distributed thirty two thousand and five hundred dollars ($32,500.00) to attorney Roger Hafford, an attorney who was not involved in the representation of the Estate of Stephanie Williams in the underlying wrongful death claim, from the wrongful death settlement proceeds without a statement of the services rendered and a statement of the amount of the fees claimed by Mr. Hafford.

Assignment of Error #6

The probate court abused its discretion when it distributed wrongful death settlement funds without ordering the distribution of the fifteen thousand ($15,000.00) dollars which was ordered in 2007 to be paid into an interest bearing account by Roger Hafford, Esq. and held there pending an order for its distribution by a future order of the court.

{¶ 2} The relevant facts of this case are as follows. On June 3, 2006, Stephanie L. Williams was killed in an automobile accident in Mississippi. She died intestate and was survived by a spouse, Dennis Williams, and two adult sons, Bren'tel and Brandon Weatherspoon. Subsequently, the Weatherspoon brothers retained appellants Nicholas

3.

Matassini and the Matassini Law Firm, P.A., of Tampa, Florida, to represent them in their personal injury and wrongful death claims arising from the accident. That contract of employment further identified attorney Wayne Ferrell as co-counsel, but stated that the Matassini Law Firm would be primarily responsible for the evaluation and handling of the claim. Shortly thereafter, Ferrell, on behalf of the Weatherspoon brothers, filed a wrongful death action in Mississippi against Williams and Nissan, for claims based on negligence and products liability. The complaint named the Weatherspoon brothers as plaintiffs individually and as the natural sons of Stephanie Williams, and further identified them as her surviving wrongful death heirs and beneficiaries. On January 17, 2007, that case was removed to the United States District Court for the Southern District of Mississippi. *See Weatherspoon v. Nissan N. Am., Inc.*, S.D. Mississippi No. 3:07-cv-00024-DPJ-LRA.

{¶ 3} In his representation of the Weatherspoon brothers, attorney Ferrell referred the products liability case to attorneys Jerry M. White and C. Tab Turner of Turner & Associates, P.A., of North Little Rock, Arkansas. The record does not reveal precisely when White and Turner were brought into the case, but the docket sheet from that case includes a motion, dated December 7, 2007, for Turner to appear pro hac vice. The motion was granted. Similarly, a docket entry dated May 20, 2008, reflects a motion for Jerry White to appear pro hac vice. That motion was also granted. The docket entries throughout that case reveal that attorneys White, Turner and Ferrell regularly represented the interests of the Weatherspoon brothers until the case was concluded. Ultimately,

4.

Dennis Williams was dismissed from the case, with prejudice, and the Weatherspoons' case against Nissan was settled. The federal court filed an order acknowledging the settlement and dismissing the case on August 17, 2010. Nothing in the record indicates that appellants sought to collect fees and expenses from the brothers at the time the case was settled.

{¶ 4} Previously, on February 28, 2007, Dennis Ragas, Dennis Williams' father, filed an application for authority to administer the estate of Stephanie L. Williams, in the court below. In an entry dated April 19, 2007, Ragas was named the administrator of the estate and Roger W. Hafford was listed as the attorney. Subsequently, the court granted a motion requesting attorney Ferrell be admitted pro hac vice to represent the interests of the Weatherspoon brothers in the estate action below. On November 7, 2007, the parties to the estate reached a settlement agreement that was approved by the court. Initially, under the settlement, the parties agreed that Dennis Ragas and Bren'tel Weatherspoon would act as co-administrators in the administration of the estate. The main purpose of that agreement, however, was to divide the proceeds of an insurance claim the estate had with Progressive Insurance Company. To that end, the agreement provided in relevant part:

6. Thirty Thousand Dollars ($30,000.00) shall be paid from the net proceeds and deposited to the escrow account of Attorney Wayne E. Ferrell, Jr. and shall be used at his discretion for expenses in the products liability wrongful death claim in Mississippi;

**{¶ 5}** On January 29, 2010, the lower court filed an entry approving the final account of the estate and discharging the administrators. The estate was reopened on September 14, 2010, subsequently closed, then reopened again on November 22, 2011. The case was reopened to allow the court to distribute the settlement proceeds from the wrongful death action in Mississippi. A parallel lawsuit had been brought by the administrator of the estate against Nissan in the court below to allow the estate to access the funds from the settlement. Through a judgment entry of May 23, 2012, in both this case and the parallel lawsuit, the lower court specifically approved the proposed settlement as being fair, reasonable, appropriate and in the best interest of the estate. The court further ordered Nissan to forward the proceeds of the settlement to the Sandusky County Probate Court to be held in trust pending either final settlement following a scheduled mediation, or court-ordered distribution following an evidentiary hearing. The court then dismissed the parallel lawsuit against Nissan.

**{¶ 6}** The court-ordered mediation failed. Consequently, attorney Hafford filed a motion to approve a settlement agreement entered into by the executor, the heirs of Stephanie Williams, and attorney Hafford regarding the distribution of the settlement funds. Under the proposed settlement agreement, the Weatherspoon brothers, Dennis Williams, Dennis Ragas, and attorney Hafford agreed to distribute the $250,000 settlement funds as follows: Bren'tel Weatherspoon, Brandon Weatherspoon, and Dennis Williams each to receive $63,000, Denis Ragas to receive $8,000, and attorney Hafford to receive $53,000 as attorney fees. Attorney White then filed a motion to appear pro hac

6.

vice in order participate in the case on behalf of the Weatherspoon brothers, individually and as the natural sons of Stephanie Williams.

{¶ 7} On July 19, 2012, the case proceeded to a hearing on the pending motions. The court initially permitted White to provisionally appear and participate in the hearing. White asserted that because he represented the Weatherspoon brothers in the underlying litigation against Nissan, which resulted in the settlement funds at issue, and because there were litigation expenses in that case that needed to be addressed, he should be permitted to appear and participate in this case. Upon questioning by the court, however, both attorney Hafford and Bren'tel Weatherspoon denied that White represented the Weatherspoon brothers. Bren'tel stated that he only signed a retainer agreement with Nick Matassini, who was not at the hearing. He further signed an affidavit to that fact which was filed with the court. The court therefore denied White's motion to appear pro hac vice. The court determined that because there was no written contract or nexus between White and the Weatherspoon brothers, any pursuit of legal fees and expenses for the litigation in Mississippi could only appropriately be pursued by attorney Matassini or through an appropriately filed claim against the estate. It then became clear that the Weatherspoon brothers were not represented by counsel at the hearing below.[1] The court noted that Matassini was the attorney who should be in court to represent the interests of the Weatherspoon brothers. However, following Bren'tel's assurances that he was

---

[1] Only Bren'tel Weatherspoon appeared at the hearing below. Brandon Weatherspoon was on active duty in the military and had signed a power of attorney allowing Bren'tel to represent his interests.

comfortable proceeding with the hearing without Matassini present, the court continued with the hearing and heard from the parties on the issue of distribution of the settlement proceeds that were currently in the estate.

{¶ 8} Following the hearing, Tab Turner & Associates, P.A. ("Turner"), filed a motion to intervene in the action below. Turner asserted that it had a protectable interest (attorney fees and litigation expenses) in the settlement proceeds which were then held by the court because of the work it had done to procure the settlement in the underlying wrongful death action. Turner did not file a claim against the estate.

{¶ 9} On November 22, 2013, the lower court issued a judgment on all pending matters. In pertinent part, the court denied the Turner motion to intervene, noting that Turner had not supported its motion with any evidence of a contractual relationship or proof of representation between Turner and the Weatherspoon brothers. The court further determined that attorney Matassini was the only professional in a position to pursue payment for legal fees and expenses directly from the estate, and that he had not done so. The court therefore granted Matassini 14 days to file any motions with respect to the distribution of funds in the estate and ordered that if Matassini did not file any motions, the court would proceed with the distribution of funds and the closing of the estate.

{¶ 10} On December 10, 2013, appellants, represented by Ohio counsel, filed a motion to intervene in the case. Appellants claimed that pursuant to their retainer agreement with the Weatherspoon brothers, they were entitled to recover attorney fees

8.

and litigation expenses from any recovery obtained in the wrongful death case, and, as such, they had an interest relating to the settlement funds which would not be protected absent their intervention. In the alternative, appellants requested that $200,000 be approved as the reasonable and necessary expenses for the pursuit of the wrongful death action in Mississippi and that that amount be distributed to Matassini and/or his co-counsel, Turner and Associates, P.A. Matassini did not file a motion to appear pro hac vice or attempt to file a claim against the estate.

{¶ 11} On March 21, 2014, the lower court issued a judgment entry on all pending motions. Initially, the court quoted the following from its November 22, 2013 judgment entry, and stated that the quoted section formed a portion of the basis for the court's decision:

"* * * any pursuit of legal fees and expenses for the litigation in Mississippi * * * in this estate matter, could only be appropriately pursued by Attorney Mattassini [sic], who apparently has not been in communication with the Weatherspoon brothers for an extended period of time; or through an appropriately filed claim against the estate in this matter. No such relief has been requested by Attorney Mattassini [sic], nor has any such claim against the estate been filed, and the prescribed time for doing so has now lapsed.

"It is clear from the totality of the circumstances that there is an enormous breakdown of relationships and proper documentation amongst

the attorneys involved in the representation in the underlying federal litigation. All of the actual parties at various times before the Court have indicated a complete lack of knowledge of some of the attorneys claiming to represent them. They have indicated no communication for extended periods of time. They have put forth that the only professional they established an attorney/client relationship with is Attorney Mattassini [sic], and/or Attorney Hafford. It is further noted that throughout this protracted action, there was no finalized settlement actually achieved until Attorney Hafford began his latest involvement and current representation."

{¶ 12} The court then reiterated that "the dispute over the legal fees and expenses from the unrelated civil litigation in Mississippi is that of a contractual dispute amongst or between attorneys. There are clear remedies available under the law to pursue payment under any such contracts or agreements, through other appropriate legal forums."

{¶ 13} Based on these findings, the court determined that equity required some distribution to Attorney Matassini, as the original attorney hired to pursue the underlying claim, but that how that portion was to be divided amongst other counsel was a matter of contract law to be pursued in some other appropriate forum. The court then denied Matassini's motion to intervene, but granted his alternative motion for a distribution of a portion of the fund, awarding him $100,000, or 40 percent of the settlement fund. The court further awarded Dennis Williams, Brandon Weatherspoon and Bren'tel

10.

Weatherspoon $37,500 each, awarded Dennis Ragas $5,000 as the executor of the estate, and awarded Attorney Hafford $32,500 as reasonable attorney fees.  The court then approved and authorized Hafford, as counsel for the estate, to distribute the funds in the manner ordered by the court, and to then file the final account to close the estate.  That is the judgment that appellants, Nicholas Matassini and the Matassini Law Firm, now challenge on appeal.

{¶ 14} In their first assignment of error, appellants assert that the lower court erred in denying their motion to intervene.

{¶ 15} In the proceedings below, appellants sought to intervene as of right, under Civ.R. 24(A).  To intervene in a case as a matter of right, the movant must file a timely application and show that:  (1) the movant "claims an interest relating to the property or transaction that is the subject of the action"; (2) "disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and that (3) "the applicant's interest is [not] adequately represented by existing parties."  Civ.R. 24(A)(2).  Generally, Civ.R. 24(A) is liberally construed to allow intervention.  *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 247, 594 N.E.2d 616 (1992).  In addition, however, "Civ.R. 24(C) requires that any * * * motion [to intervene] be accompanied by a pleading 'setting forth the claim or defense for which intervention is sought.'"  *Tatman v. Fairfield Cty. Bd. of Elections*, 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 11.  A trial court's ruling on a motion to intervene as of right is reviewed under an abuse of discretion standard.  *State ex rel. Merrill v. Ohio Dept. of Natural Resources*,

11.

130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 41. Accordingly, a trial court's denial of a motion to intervene will not be reversed on appeal absent a showing that the court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16} Upon review, we cannot say that the lower court abused its discretion in denying appellants' motion to intervene. First, we note that appellants did not file, along with their motion, a pleading setting forth their claim, as required by Civ.R. 24(C). That alone is grounds for denying the motion. *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 21. In addition, we construe the court's decision as finding that under the circumstances of this case, appellants' motion to intervene was simply not timely filed. Nevertheless, because appellants were the only attorneys who had a contractual relationship with the Weatherspoon brothers, the court found they were entitled to an equitable distribution of 40 percent of the settlement fund. This is in keeping with the long-established law in Ohio that an attorney has an "equitable right to enforce a lien on a client's judgment, decree or award, for payment of attorney fees earned in the prosecution of litigation to judgment." *Garrett v. City of Sandusky*, 6th Dist. Erie No. E-03-024, 2004-Ohio-2582, ¶ 23.

{¶ 17} The controversy in this case, however, is over the litigation expenses incurred in obtaining the settlement agreement with Nissan. Those expenses were evidently incurred by attorneys Turner and White. No contract between the Matassini

12.

firm and the Turner firm and no evidence of litigation expenses were ever provided to the court below in support of the motion to intervene. Under those circumstances, we cannot say that the lower court's decision denying appellants' motion to intervene, and in the alternative awarding them 40 percent of the settlement proceeds, was unreasonable, arbitrary or unconscionable. The first assignment of error is not well-taken.

{¶ 18} Appellants' remaining assignments of error challenge various aspects of the trial court's distribution of the settlement proceeds and other monies. It is well-established that "an appeal from the denial of a motion to intervene is limited solely to the issue of intervention." *State ex rel. Montgomery v. City of Columbus*, 10th Dist. Franklin No. 02AP-963, 2003-Ohio-2658, ¶ 33. Appellants were not parties to the action below and have no standing to challenge any other aspect of the trial court's order. *Id.; see also Sawicki, supra*, at ¶ 18; *Fouche v. Denihan,* 66 Ohio App.3d 120, 126, 583 N.E.2d 457 (10th Dist.1990). The second, third, fourth, fifth and sixth assignments of error are not well-taken.

{¶ 19} On consideration whereof, the court finds that substantial justice has been done the parties complaining and the judgment of the Sandusky County Court of Common Pleas, Probate Division, is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

13.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Stephen A. Yarbrough, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.