**[Cite as *In re B.L.*, 2016-Ohio-2982.]**

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY**

IN RE:

    B.L.,

ADJUDICATED DEPENDENT CHILD.

[MARY A. GIBSON - APPELLANT]

**CASE NO. 1-15-65**

**O P I N I O N**

IN RE:

    B.L.,

ADJUDICATED DEPENDENT CHILD.

[MARY A. GIBSON - APPELLANT]

**CASE NO. 1-15-66**

**O P I N I O N**

IN RE:

    B.L.,

ADJUDICATED DEPENDENT CHILD.

[MARY A. GIBSON - APPELLANT]

**CASE NO. 1-15-67**

**O P I N I O N**

IN RE:

    B.L.,

ADJUDICATED DEPENDENT CHILD.

[MARY A. GIBSON - APPELLANT]

**CASE NO. 1-15-68**

**O P I N I O N**

Case Nos. 1-15-65, 1-15-66, 1-15-67 and 1-15-68

---

**Appeals from Allen County Common Pleas Court**
**Juvenile Division**
**Trial Court Nos. 2014 JG 31530, 2014 JG 31531,**
**2014 JG 31532, and 2014 JG 31533**

**Judgments Affirmed**

**Date of Decision:    May 16, 2016**

---

**APPEARANCES:**

*Jason N. Flower* **for Appellant**

*Robert H. Meyer, IV and F. Stephen Chamberlain* **for Appellee,**
**Hilary Lanker**

**PRESTON, J.**

{¶1} Appellant, Mary A. Gibson ("Gibson"), appeals the September 29, 2015 judgment entries of the Allen County Court of Common Pleas, Juvenile Division, denying her motions to intervene and amended motions to intervene in custody proceedings involving her four minor grandchildren, all of whom share the initials "B.L." (the "children"). For the reasons that follow, we affirm.

{¶2} On May 7, 2014, the trial court held a shelter-care hearing and issued, in lieu of shelter care, protective orders requiring that any contact between the children and their father, Brandon Lyle ("Lyle"), be supervised by the Agency. (Case No. 2014 JG 31530, Doc. No. 2); (Case No. 2014 JG 31531, Doc. No. 2);

(Case No. 2014 JG 31532, Doc. No. 2); (Case No. 2014 JG 31533, Doc. No. 2). The children remained in the custody of their mother, Hilary Lanker ("Lanker"). (*Id.*); (*Id.*); (*Id.*); (*Id.*).

{¶3} The next day, appellee, the Allen County Children Services Board ("Agency"), filed complaints alleging the children to be dependent under R.C. 2151.04. (Case No. 2014 JG 31530, Doc. No. 4); (Case No. 2014 JG 31531, Doc. No. 4); (Case No. 2014 JG 31532, Doc. No. 4); (Case No. 2014 JG 31533, Doc. No. 4). On August 12, 2014, following a July 18, 2014 adjudicatory hearing, the trial court adjudicated the children dependent under R.C. 2151.04(C) and (D). (Case No. 2014 JG 31530, Doc. No. 36); (Case No. 2014 JG 31531, Doc. No. 33); (Case No. 2014 JG 31532, Doc. No. 33); (Case No. 2014 JG 31533, Doc. No. 33).

{¶4} On August 26, 2014, following an August 4, 2014 dispositional hearing, the trial court ordered that the children remain in Lanker's custody, subject to protective supervision by the Agency. (Case No. 2014 JG 31530, Doc. No. 41); (Case No. 2014 JG 31531, Doc. No. 36); (Case No. 2014 JG 31532, Doc. No. 36); (Case No. 2014 JG 31533, Doc. No. 36).

{¶5} On June 30, 2015, Gibson filed a motion to intervene in each child's case. (Case No. 2014 JG 31530, Doc. No. 64); (Case No. 2014 JG 31531, Doc. No. 56); (Case No. 2014 JG 31532, Doc. No. 56); (Case No. 2014 JG 31533, Doc. No. 56). On July 15, 2015, Lanker filed responses in opposition to Gibson's

motions to intervene. (Case No. 2014 JG 31530, Doc. No. 80); (Case No. 2014 JG 31531, Doc. No. 72); (Case No. 2014 JG 31532, Doc. No. 72); (Case No. 2014 JG 31533, Doc. No. 72). A hearing before a magistrate was held on July 22, 2015. (July 22, 2015 Tr. at 1). On August 7, 2015, the magistrate filed decisions denying Gibson's motions to intervene. (Case No. 2014 JG 31530, Doc. No. 86); (Case No. 2014 JG 31531, Doc. No. 77); (Case No. 2014 JG 31532, Doc. No. 77); (Case No. 2014 JG 31533, Doc. No. 77).

{¶6} On August 19, 2015, Gibson filed amended motions to intervene. (Case No. 2014 JG 31530, Doc. No. 89); (Case No. 2014 JG 31531, Doc. No. 79); (Case No. 2014 JG 31532, Doc. No. 79); (Case No. 2014 JG 31533, Doc. No. 79). Gibson's amended motions to intervene were substantially similar to the original motions, except that much of the argument was moved under a heading titled, "Memorandum." (*Id.*); (*Id.*); (*Id.*); (*Id.*). Gibson also filed objections to the magistrate's decisions. (*Id.*); (*Id.*); (*Id.*); (*Id.*).

{¶7} On September 2, 2015, Lanker filed responses in opposition to Gibson's objections to the magistrate's decisions and in opposition to Gibson's motions to intervene. (Case No. 2014 JG 31530, Doc. Nos. 90, 91); (Case No. 2014 JG 31531, Doc. Nos. 80, 81); (Case No. 2014 JG 31532, Doc. Nos. 80, 81); (Case No. 2014 JG 31533, Doc. Nos. 80, 81).

Case Nos. 1-15-65, 1-15-66, 1-15-67 and 1-15-68

{¶8} On September 29, 2015, the trial court filed judgment entries denying Gibson's motions to intervene and amended motions to intervene. (Case No. 2014 JG 31530, Doc. Nos. 94, 95); (Case No. 2014 JG 31531, Doc. Nos. 83, 84); (Case No. 2014 JG 31532, Doc. Nos. 83, 84); (Case No. 2014 JG 31533, Doc. Nos. 83, 84).

{¶9} Gibson filed her notices of appeal on October 23, 2015. (Case No. 2014 JG 31530, Doc. No. 116); (Case No. 2014 JG 31531, Doc. No. 102); (Case No. 2014 JG 31532, Doc. No. 102); (Case No. 2014 JG 31533, Doc. No. 102). She raises three assignments of error for our review, which we consider together.

**Assignment of Error No. I**

**The Court erred in applying Civil Rule 24 in a custody proceeding in the Juvenile Division of the common pleas court.**

**Assignment of Error No. II**

**The Court erred in holding "Civ.R. 24(C) requires that it must be accompanied by a pleading setting for [sic] the claim for which intervention is sought" and holding that Mary Gibson's Motion to Intervene contained no such pleading.**

**Assignment of Error No. III**

**The Court failed to follow proper procedure before applying Civil Rule 24 in a juvenile proceeding.**

{¶10} In her first, second, and third assignments of error, Gibson argues that the trial court abused its discretion in denying her motions to intervene. Specifically, Gibson argues that, by applying Civ.R. 24 to her motion, the trial

-5-

court directly contradicted a precedential case, *Matter of Smith*. 3d Dist. Allen No. 1-93-74, 1994 WL 49936 (Feb. 18, 1994). Gibson also argues that she has a "statutory right to request visitation" under R.C. 3109.12—a statute that allows grandparents of a child born to an unmarried woman to file a complaint requesting reasonable companionship or visitation rights with the child. (Appellant's Brief at 8). Therefore, Gibson argues, to the extent Civ.R. 24 applies, the trial court abused its discretion by not allowing her to intervene under Civ.R. 24(B), which governs permissive intervention. Finally, Gibson argues that, to the extent Civ.R. 24 applies, she satisfied the requirement under Civ.R. 24(C) that the motion to intervene and any supporting memorandum "be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought."

{¶11} We begin by addressing Gibson's argument that *Matter of Smith* prohibited the trial court from applying Civ.R. 24 to deny her motion to intervene. In that case, we stated:

> The Civil Rules are not applicable to custody proceedings in the juvenile division of the common pleas court. See Civ.R. 1; *Squires v. Squires* (1983), 12 Ohio App.3d 138. Juvenile court proceedings, with six specific exceptions, are governed by R.C. chapter 2151 and the Ohio Rules of Juvenile Procedure. Juv.R. 1(A) & (C).

> Therefore, persons wishing to be made parties to a custody action in the juvenile court must look to the Juvenile Rules for guidance, since they have no right to intervene under Civ.R. 24.

*Matter of Smith* at *1. As an unreported decision decided before May 1, 2002—when the Supreme Court Rules for the Reporting of Opinions were modified—*Matter of Smith* is not controlling authority. *See Watson v. Neff*, 4th Dist. Jackson No. 08CA12, 2009-Ohio-2062, ¶ 16, citing former Rep.Op.R. 2(G)(1)-(2). Rather, it is merely "persuasive authority." *Id.* at ¶ 16, fn. 2. For the reasons below, we decline to follow *Matter of Smith* to the extent it stands for the proposition that Civ.R. 24 has no bearing in a custody proceeding.

{¶12} Juv.R. 2(Y) defines which persons are parties to a proceeding in juvenile court:

> "Party" means a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court.

*See In re Fintel*, 3d Dist. Seneca No. 13-07-33, 2008-Ohio-734, ¶ 12. Because Lyle—Gibson's son and the children's father—is not himself a minor, Gibson

must be specifically designated a party by the court to be a party in the children's custody proceedings. *See In re H.W.*, 114 Ohio St.3d 65, 2007-Ohio-2879, ¶ 10; *In re A.S.*, 8th Dist. Cuyahoga No. 102697, 2015-Ohio-4386, ¶ 13. "Juv.R. 2(Y) grants the trial court discretion to join as a party 'any other person specifically designated by the court.'" *In re H.W.* at ¶ 14, quoting Juv.R. 2(Y).

{¶13} A juvenile court may rely on Civ.R. 24 in exercising its discretion under Juv.R. 2(Y). *Brokaw v. Haser*, 11th Dist. Portage No. 2005-P-0088, 2006-Ohio-5171, ¶ 24, citing *In re Goff*, 11th Dist. Portage No. 2001-P-0144, 2003-Ohio-6768, ¶ 13. Indeed, the Supreme Court of Ohio in *In re H.W.* stated, "The Rules of Civil Procedure apply to custody proceedings in juvenile court except when they are clearly inapplicable * * *." *In re H.W.* at ¶ 11, citing Civ.R. 1(C)(7) and *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 360 (1994). In this case, "[t]he Civil Rules are not 'clearly inapplicable' * * *, especially in light of Juv.R. 45, which provides, 'If no procedure is specifically prescribed by these rules or local rule, the court shall proceed in any lawful manner not inconsistent with these rules or local rule.'" *Id.*, quoting Juv.R. 45(B). "Thus, we turn to the Civil Rules for guidance." *Id. See also In re D.E.*, 9th Dist. Summit No. 27368, 2014-Ohio-5333, ¶ 6 ("'Civ.R. 24 governs intervention in civil and juvenile court cases, and provides for two types of intervention: as of right and permissive.'"), quoting *In re B.O.*, 11th Dist. Lake No. 2011-L-055, 2011-Ohio-6210, ¶ 39.

**{¶14}** Gibson argues, "Assuming arguendo that Civil Rule 24 does apply, Appellant is a permissive intervenor under Civil Rule 24(B)." (Appellant's Brief at 11). Therefore, we will address Gibson's arguments only under Civ.R. 24(B). *See In re A.K.*, 7th Dist. Mahoning No. 08-MA-193, 2009-Ohio-5074, ¶ 16-17. "An order denying a motion to intervene under Civ.R. 24(B) will be reversed only upon a showing that the trial court abused its discretion." *In re D.T.*, 10th Dist. Franklin No. 07AP-853, 2008-Ohio-2287, ¶ 10, citing *In re J.W.*, 10th Dist. Franklin No 06AP-864, 2007-Ohio-1419, ¶ 26, citing *In re Goff* at ¶ 11 and *In re M.S.*, 9th Dist. Summit No. 22158, 2005-Ohio-10, ¶ 30. An abuse of discretion suggests that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

Civ.R. 24(B), which governs permissive intervention, provides:

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order,

the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

See *In re K.L.*, 5th Dist. Tuscarawas No. 2015 AP 040016, 2015-Ohio-4598, ¶ 13.

**{¶15}** Regardless of whether the party desiring intervention argues for intervention as of right under Civ.R. 24(A) or permissive intervention under Civ.R. 24(B), Civ.R. 24(C) sets forth the procedure for filing a motion to intervene. *See In re D.E.* at ¶ 7, citing *In re M.N.*, 9th Dist. Wayne No. 07CA0088, 2008-Ohio-3049, ¶ 14. Civ.R. 24(C) provides:

A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene.

See *In re M.N.* at ¶ 14. Civ.R. 7(A) defines "pleadings" as:

There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer

contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Civ.R. 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

See *Deutsche Bank Natl. Trust Co. v. Hill*, 5th Dist. Perry No. 14 CA 00021, 2015-Ohio-1575, ¶ 32.

{¶16} In denying Gibson's motions to intervene, the trial court adopted the magistrate's decisions. (Case No. 2014 JG 31530, Doc. No. 94); (Case No. 2014 JG 31531, Doc. No. 83); (Case No. 2014 JG 31532, Doc. No. 83); (Case No. 2014 JG 31533, Doc. No. 83). Referring to the pleading requirement of Civ.R. 24(C), the magistrate stated, "The Motion to Intervene contains no such pleading. Therefore, the Court determines that [Gibson] has not complied with the procedural requirements of Civ.R. 24(C). Therefore, upon review and consideration, the Court denies [Gibson's] request to be named a party in the case." (Case No. 2014 JG 31530, Doc. No. 86); (Case No. 2014 JG 31531, Doc. No. 77); (Case No. 2014 JG 31532, Doc. No. 77); (Case No. 2014 JG 31533, Doc. No. 77).

{¶17} Despite Gibson's argument to the contrary, our review of the record reveals that Gibson's June 30, 2015 motions to intervene were not accompanied

by pleadings. (*See* Case No. 2014 JG 31530, Doc. No. 64); (Case No. 2014 JG 31531, Doc. No. 56); (Case No. 2014 JG 31532, Doc. No. 56); (Case No. 2014 JG 31533, Doc. No. 56). Nor were Gibson's August 19, 2015 amended motions to intervene and supporting memoranda accompanied by pleadings. (*See* Case No. 2014 JG 31530, Doc. No. 89); (Case No. 2014 JG 31531, Doc. No. 79); (Case No. 2014 JG 31532, Doc. No. 79); (Case No. 2014 JG 31533, Doc. No. 79). Based on Gibson's failure to accompany her filings with pleadings, we hold that the trial court did not abuse its discretion in denying her motions to intervene and her amended motions to intervene. *See State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, ¶ 21; *In re Estate of Williams*, 6th Dist. Sandusky No. S-14-018, 2015-Ohio-4781, ¶ 16; *Hill* at ¶ 33; *Whitehall v. Olander*, 10th Dist. Franklin No. 14AP-6, 2014-Ohio-4066, ¶ 35. *See also In re D.E.*, 2014-Ohio-5333, at ¶ 7; *In re M.N.*, 2008-Ohio-3049, at ¶ 14.

{¶18} Even aside from this procedural issue, we note that Gibson's motions to intervene and amended motions to intervene failed to inform the trial court on what specific basis Gibson believed she qualified for permissive intervention under Civ.R. 24(B). In Gibson's June 30, 2015 motions to intervene and in her memoranda in support of her August 19, 2015 amended motions to intervene, Gibson stated:

> Ms. Gibson has an interest in the welfare and care of the minor child, as she is the paternal grandmother; her son, the minor child's father, Brandon Lyle, is currently incarcerated and will not be released until after the minor child reaches the age of majority; the best interest of the minor child may be served by allowing Ms. Gibson to become a party to this matter; and a failure to allow Ms. Gibson's intervention, may impair or impede her rights to her grandchild, as her rights are currently not adequately represented by the existing parties, Allen County Children Services Board and the minor child's mother.

(Case No. 2014 JG 31530, Doc. Nos. 64, 89); (Case No. 2014 JG 31531, Doc. Nos. 56, 79); (Case No. 2014 JG 31532, Doc. Nos. 56, 79); (Case No. 2014 JG 31533, Doc. Nos. 56, 79).

{¶19} As the Supreme Court of Ohio explained in *In re H.W.*, "The law does not provide grandparents with inherent legal rights based simply on the family relationship." *In re H.W.*, 114 Ohio St.3d 65, 2007-Ohio-2879, at ¶ 9, citing *In re Whitaker*, 36 Ohio St.3d 213, 215 (1988). However, there are avenues through which grandparents can acquire legal rights that would support a motion to intervene. *See id.* For example, a statute that Gibson cites on appeal, R.C. 3109.12, allows grandparents of a child born to an unmarried woman to file a complaint requesting reasonable companionship or visitation rights with the child.

*See id.* "Grandparents may also acquire legal rights through other means, such as filing a motion for temporary or permanent custody, which would then give them standing to intervene in a custody hearing." *Id.*, citing *In re Schmidt*, 25 Ohio St.3d 331, 336 (1986). However, as a general rule, avenues such as these are the only avenues through which grandparents may obtain rights relative to their grandchildren. *Id.*

{¶20} Aside from Gibson's failure to accompany her filings with pleadings, Gibson's motions to intervene and amended motions to intervene, including her memoranda in support of her amended motions to intervene, do not indicate on what basis—such as through R.C. 3109.12—she possesses legal rights supporting permissive intervention under Civ.R. 24(B). Indeed, Civ.R. 24(B) provides that a party may be permitted to intervene "(1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." In moving to intervene, Gibson did not cite a statute or state her claim or defense. For this additional reason, we conclude that the trial court did not abuse its discretion in denying Gibson's motions to intervene and amended motions to intervene.

{¶21} Gibson's assignments of error are overruled.

Case Nos. 1-15-65, 1-15-66, 1-15-67 and 1-15-68

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

***Judgments Affirmed***

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**